IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-479-JTA |
| | ) |
| ANACAPRI WALDVOGEL, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, ORDER AND JUDGMENT[1]**

This case was originally filed as an interpleader action. (Doc. No. 1.) Plaintiff USAA Life Insurance Company initiated this suit by filing a complaint in interpleader against defendants Anacapri Waldvogel, Camden Waldvogel, Torre Waldvogel, and Teresa Bain Ferrell (collectively "Defendants") on July 16, 2021. (*Id*.) The interpleader *res* is a life insurance policy of $50,000 payable on the death of USAR Chief Warrant Officer Donald Lee Waldvogel, Policy No. T01909378. (*Id*. at ¶ 8.) USAA Life Insurance Company paid the subject policy proceeds into the court and sought the court's determination as to competing claims for the death benefit. (*See* Docs. No. 12, 13.)

Before the court is the Parties' Joint Motion for Interpleader Relief and Disbursement of Funds from the Registry of the Court, wherein the parties state that all claims and disputes relating to this interpleader action have been resolved. (Doc. No. 29.)

---

[1] The parties have consented to the exercise of full dispositive authority by the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*See* Doc. No. 28.)

The parties request the court to enter an agreed order which fully resolves this interpleader action. (*Id*. at ¶ 4.) Accordingly, upon consideration of the motion and agreed order, it is

ORDERED that the Joint Motion (Doc. No. 29) is GRANTED.

It is further ORDERED as follows:

1. USAA Life Insurance Company's claim for interpleader (Doc. No. 1) is GRANTED.

2. Defendants are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this court, either at law or in equity, against USAA Life Insurance Company or its affiliates and agents arising out of or relating to USAA Life Insurance Company Policy No. T019093078 (the "Policy") or the Policy's Death Benefit.

3. USAA Life Insurance Company and its affiliates and agents are fully and finally discharged from any further liability, whether to Defendants or otherwise, arising out of or relating to the Policy or the Policy's Death Benefit.

4. The Death Benefit plus accrued interest, which was deposited into the Registry of the Court, is awarded as follows:

    a. $21,064.31 to Teresa Bain Ferrell;

    b. $27,064.32 to Anacapri Waldvogel, Camden Waldvogel, and Torre Waldvogel; and

    c. $3,500.00 to USAA Life Insurance Company, representing a negotiated award of attorneys' fees.

5. The Clerk of Court is ORDERED to release the total amount of $51,628.63, plus any daily interest accrued on this sum while in the Registry, from the Registry of the Court by checks made payable and addressed as follows:

    a.      $21,064.31 to Teresa Bain Ferrell
                *Payee*:      The Black Law Firm, LLC
                *Address*:    661 W. Main Street
                               Dothan, AL 36301

    b.      $27,064.32 to Anacapri Waldvogel, Camden Waldvogel, and Torre Waldvogel
                *Payee*:      Boyd & Cobb, LLC
                *Address*:    112 Jamestown Blvd
                               Dothan, AL 36301

    c.      $3,500.00 to USAA Life Insurance Company
                *Payee*:      USAA Life Insurance Company
                *Address*:    c/o McDowell Hetherington LLP
                               1000 Ballpark Way, Suite 209
                               Arlington, TX 76011

Any daily interest that accrued on the $51,628.63 check deposited into the Registry of the Court by USAA Life shall be divided as follows:

    a.      Pursuant to 28 U.S.C. § 1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991), and directions received from the Administrative Office of the U.S. Courts effective February 3, 1992, **10 percent** of all earned interest accrued since the funds were deposited in the registry of the court shall be made payable to the Clerk of Court.

    b.      The remaining **90 per cent** to be divided equally between Teresa Bain Ferrell, on the one hand, and Anacapri Waldvogel, Camden Waldvogel, and Torre Waldvogel, on the other, and added to the amounts listed in section 5 (a) and (b) above.

Plaintiffs and defendant shall each complete and return an IRS W-9 form to Debra P. Hackett, Clerk of Court, United States District Court, Middle District of Alabama, One Church Street, Frank M. Johnson, Jr. United States Courthouse Annex, Montgomery, Alabama. The Clerk of Court shall

disburse the funds described above after receipt of duly signed and dated W-9s for each payee by certified mail with a return receipt.

Because this is an Agreed Order, the parties agree that the Clerk may disburse the funds without waiting for the time period to appeal to elapse.

6. Any and all claims, demands, debts, or causes of action arising out of or relating to the Policy or the Policy's Death Benefit that could have been asserted herein against USAA Life Insurance Company by Defendants are hereby dismissed with prejudice.

7. Each party shall bear its own attorneys' fees and costs except as otherwise specified herein.

8. The Clerk of the Court is DIRECTED to close this case.

9. This is a final order and judgment pursuant to Federal Rule of Civil Procedure 58.

DONE this 11th day of February, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE